FILED
CLERK, U.S. DISTRICT COURT
8/20/24
CENTRAL DISTRICT OF CALIFORNIA
BY: __CS__ DEPUTY

Dragana Compton
6250 Canoga Ave
Woodland Hills, Ca, 91367
747-230-7452
draganacompton@gmail.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRAGANA COMPTON,<br><br>    Plaintiff,<br><br>vs.<br><br>CAPITAL ONE, N.A.,<br><br>    Defendant | Case No.: 2:24-cv-00231-WLH-PD<br><br>AMENDED COMPLAINT FOR PLAINTIFF, ) VIOLATION OF THE FAIR CREDIT ) BILLING ACT AND BREACH OF V. ) CONTRACT |

### I. INTRODUCTION

1. This is an action brought by Plaintiff Dragana Compton against Defendant Capital One for violations of the Fair Credit Billing Act (FCBA), 15 U.S.C. § 1666, et seq., and for breach of contract.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331, as this action arises under the Fair Credit Billing Act, a federal statute.
3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this district.

### III. PARTIES

4. Plaintiff Dragana Compton is a resident of Woodland Hills and has been a consumer of credit products provided by Defendant Capital One.
5. Defendant Capital One is a financial institution headquartered in McLean, VA that provides various credit services, including credit card accounts, to consumers nationwide.

### IV. FACTUAL ALLEGATIONS

6. On September 5, 2022, Plaintiff entered into a contractual relationship with Defendant by opening a credit card account through an online application.

AMENDED COMPLAINT FOR PLAINTIFF, ) VIOLATION OF THE FAIR CREDIT ) BILLING ACT AND BREACH OF V. ) CONTRACT - 1

7. On October 10, 2023, Plaintiff noticed an error on her billing statement and sent a billing error dispute to Defendant via certified mail, which was received by Defendant on October 18, 2023.
8. Despite receiving the dispute, Defendant reported negative information (late payments) on Plaintiff's credit report in December 2023 for non-payment of the disputed amount, in violation of 15 U.S.C. § 1666.
9. On October 25, 2023, Defendant informed Plaintiff that her account was closed, providing no explanation for this adverse action.
10. On November 10, 2023, Plaintiff sent a demand letter via certified mail to Defendant regarding the violation of her billing dispute rights and the adverse closure of her account. Defendant did not respond.
11. As of the date of this filing, Defendant continues to add interest and charges to Plaintiff's account despite the unresolved billing error and closure of the account.
12. 15 U.S.C. § 1666(d) states that a creditor cannot take action against a consumer for non-payment of a disputed amount while the creditor is investigating the dispute. It also prohibits the creditor from closing or restricting access to the account during this period.
13. Defendant's failure to resolve the billing dispute, coupled with reporting adverse information to consumer reporting agencies without a proper investigation, has caused Plaintiff significant harm, including damage to her credit score, stress, anxiety, and financial hardship.

## V. FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT BILLING ACT (15 U.S.C. § 1666)

14. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.
15. The Fair Credit Billing Act (FCBA), 15 U.S.C. § 1666, was enacted to protect consumers from unfair billing practices. Under this statute, when a consumer disputes a billing error, the creditor must acknowledge the dispute within 30 days and investigate the matter within 90 days. During the investigation, the creditor is prohibited from taking any adverse action against the consumer, such as reporting negative information to credit reporting agencies or closing the account.
16. Defendant violated 15 U.S.C. § 1666(d) by taking adverse action against Plaintiff, including closing her account and reporting negative information to credit reporting agencies, without properly resolving the billing dispute.
17. Defendant further violated 15 U.S.C. § 1666(a) by failing to acknowledge Plaintiff's billing dispute within 30 days.
18. Defendant violated 15 U.S.C. § 1666(b) by failing to send a written explanation and corrections regarding the billing dispute, explaining their position on the matter.
19. Defendant violated 15 U.S.C. § 1666 by continuing to report adverse information to consumer reporting agencies despite the unresolved billing dispute.
20. As a direct result of Defendant's actions, Plaintiff suffered actual damages, including but not limited to, damage to her credit reputation, emotional distress, and financial loss.

AMENDED COMPLAINT FOR PLAINTIFF, ) VIOLATION OF THE FAIR CREDIT ) BILLING ACT AND BREACH OF V. ) CONTRACT - 2

## VI. SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

21. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.
22. The contract between Plaintiff and Defendant, as governed by the credit card agreement, explicitly required Defendant to follow specific procedures in handling billing disputes, including timely acknowledgment, investigation, and resolution of disputes, without penalizing the consumer during the process.
23. Section Billing Rights Summary of the credit card agreement specifically obligates Defendant to acknowledge receipt of billing disputes within 30 days and to conduct a thorough investigation within 90 days, during which no adverse action against the consumer may be taken.
24. Defendant breached the contract by:

- Failing to acknowledge Plaintiff's billing dispute within the required 30-day period, as specified in the agreement.
- Closing Plaintiff's account without resolution of the dispute, which is a direct violation of the terms agreed upon by both parties.
- Reporting negative information to credit bureaus during the dispute process, which is expressly prohibited under the agreement.

25. Furthermore, Defendant's actions violated the implied covenant of good faith and fair dealing inherent in every contract by acting in a manner that frustrated Plaintiff's rights to the benefits of the agreement.
26. As a direct result of Defendant's willful and reckless breach, Plaintiff has suffered significant actual damages, including but not limited to:

- A substantial decline in her credit score, resulting in the denial of credit applications.
- Additional financial costs related to the improper account closure and continued billing errors.
- Emotional distress caused by the financial hardship and damage to her credit reputation.

27. Defendant's conduct demonstrates a pattern of neglect and disregard for consumer rights, further aggravating the breach and warranting the award of punitive damages.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

28. Award Plaintiff actual damages, including but not limited to, financial losses and emotional distress, pursuant to 15 U.S.C. § 1666 and applicable law;
29. Award Plaintiff statutory damages as provided by 15 U.S.C. § 1666 and applicable law;

AMENDED COMPLAINT FOR PLAINTIFF, ) VIOLATION OF THE FAIR CREDIT ) BILLING ACT AND BREACH OF V. ) CONTRACT - 3

30. Award Plaintiff punitive damages for Defendant's willful and reckless disregard of her rights under the FCBA;
31. Award Plaintiff her costs of this action, including reasonable attorneys' fees and expenses;
32. Award equitable Relief
33. Grant such other and further relief as the Court may deem just and proper.

**VIII. JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this August 20th 2024.

*Dragana Compton*
Dragana Compton
In Pro Per

AMENDED COMPLAINT FOR PLAINTIFF, ) VIOLATION OF THE FAIR CREDIT ) BILLING ACT AND BREACH OF V. ) CONTRACT - 4