UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRAGANA COMPTON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A.,<br><br>　　　　　Defendant. | Case No. 2:24-cv-00231-WLH-PD<br><br>**AMENDED ORDER RE MOTION TO DISMISS [44]** |

## I.   BACKGROUND

On September 5, 2022, Dragana Compton ("Plaintiff") opened a credit card account through an online application with Capital One ("Defendant"). ("Second Amended Complaint," Docket No. 43 ¶ 6). On October 10, 2023, Plaintiff "noticed an error on her billing statement and sent a billing error dispute to Defendant via certified mail[.]" (*Id.* ¶ 7). On October 25, 2023, Defendant "informed Plaintiff that her account was closed, providing no explanation for this adverse action." (*Id.* ¶ 9). On November 10, 2023, Plaintiff sent a "sent a demand letter via certified mail" with respect to the billing dispute and adverse closure of her account, but Defendant "did not respond." (*Id.* ¶ 10). In December 2023, "Defendant reported negative information (late payments) on Plaintiff's credit report . . . for non-payment of the

1  disputed amount[.]" (*Id.* ¶ 8).  Plaintiff alleges that Defendant "continues to add
2  interest and charges to Plaintiff's account despite the unresolved billing error and
3  closure of the account." (*Id.* ¶ 11).  Plaintiff references a "Section Billing Rights
4  Summary" that allegedly governs billing disputes with Defendant but fails to provide
5  a copy of that provision or agreement. (*Id.* ¶ 23).

6        Plaintiff, who is proceeding *pro se*, filed this action November 28, 2023, with
7  the Superior Court of California. ("Complaint," Docket No. 1, Exhibit A).  The
8  original complaint included violation of the Fair Credit Billing Act (the "FCBA"),
9  breach of contract, defamation, unfair or deceptive acts or practices, negligence,
10 interference with business relations, breach of the implied covenant of quiet
11 enjoyment, violation of the duty of good faith and fair dealing, fraud, and retaliation.
12 (*Id.*).  Defendant then removed the case to this Court on January 10, 2024, citing
13 federal question subject matter jurisdiction. (Notice of Removal, Docket No. 1).  On
14 January 31, 2024, Defendant moved to dismiss pursuant to Rule 12(b)(6) (Docket No.
15 12), which this Court granted without prejudice. (Docket No. 16).  Plaintiff filed a
16 First Amended Complaint on April 8, 2024. (Docket No. 23).  Plaintiff dropped all
17 claims exception for violation of the FCBA and breach of contract. (*Id.*).  Defendant,
18 again, moved to dismiss pursuant to Rule 12(b)(6). (Docket No. 26).  This Court
19 granted the Motion to Dismiss the First Amended Complaint without prejudice.
20 (Docket No. 42).  In the Court's Order, Plaintiff was notified that the FCBA Claim
21 "does not allege that the notice of billing error that Plaintiff says she sent satisfied the
22 requirements of 15 U.S.C. § 1666(a). *See Amezcua v. Pentagon Fed. Credit Union*,
23 2022 WL 18142543, at *3-4 (C.D. Cal. May 3, 2022) (dismissing an FCBA claim
24 where the complaint did not allege that the notices of billing error were sent to the
25 proper address in compliance with 15 U.S.C. § 1666(a))." (Order, Docket No. 42 at 2-
26 3). The Court also highlighted that, because Plaintiff failed to respond to any of the
27 arguments regarding the breach of contract in her Opposition, such failure constitutes
28 a waiver or abandonment. (*Id.* at 3).

With this feedback, Plaintiff was given leave to amend only the FCBA Claim and the breach of contract claim. (*Id.*). Plaintiff then filed the operative Second Amended Complaint (Docket No. 43), which Defendant has now moved to dismiss. (Docket No. 44). The Motion is fully briefed.

Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for October 25, 2024, is **VACATED**, and the matter taken off calendar.

## II. DISCUSSION

### A. Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002). The court is not required to accept as true legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a Rule 12(b)(6) motion, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz*, 476 F.3d at 763; *see also Marder v.*

*Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (indicating that a court may consider a document "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion").

Pursuant to Fed. R. Civ. P. 15(a)(2), when a motion to dismiss is granted, courts should "freely give leave [to amend] when justice so requires." "'The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'" *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, North Dakota and South Dakota v. U.S.,* 90 F.3d 351, 355 (9th Cir. 1996) (quoting *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). In assessing a district court's decision to deny leave to amend, the Ninth Circuit considers "'(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether plaintiff has previously amended his complaint." *Id.* (quoting *Ascon Properties, Inc.*, 866 F.2d at 1149).

**B.   <u>Analysis</u>**

***1. Plaintiff Failed to Cure Deficiencies from First Amended Complaint with Respect to Both FCBA and Breach of Contract Claims***

To state a claim under the FCBA, a plaintiff must allege (1) provision of timely, sufficient written notice of a billing error to the defendant, and (2) that the defendant failed to timely acknowledge receipt of the notice and either correct the error or provide a written explanation of why there was no error. *Marcotte v. Gen. Elec. Capital Servs., Inc.*, 2009 WL 10671521, at *5 (S.D. Cal. Aug. 31, 2009); *see also* 15 U.S.C. § 1666(a). A creditor's responsibilities under the FCBA are, accordingly, not triggered unless it receives a written notice meeting the requirements of section 1666(a). *See Amezcua v. Pentagon Fed. Credit Union*, 2022 WL 18142543, at *3-4 (C.D. Cal. May 3, 2022) (dismissing an FCBA claim where the complaint did not allege that the notices of billing error were sent to the proper address in compliance with 15 U.S.C. § 1666(a)).

1    Here, Plaintiff has failed to amend her complaint to cure deficiencies present in
2    the First Amended Complaint. (Order, Docket No. 42 at 2-3). Plaintiff has not
3    provided further information about the notice sent to Defendant – specifically, where
4    it was sent. Such a failure is fatal to her claim. *See Amezcua*, 2022 WL 18142543, at
5    *3-4. As noted, a plaintiff cannot state a claim under the FCBA if it cannot
6    demonstrate timely, sufficient written notice of the billing error. This includes
7    sending said notice to the "address disclosed under section 1637(b)(10) of this title . .
8    ." 15 U.S.C. § 1666(a). In this case, that would be providing notice to "P.O. Box
9    30285, Salt Lake City, UT 84130-0285." (Mot. to Dismiss, Docket No. 44 at 12).
10   Plaintiff's Second Amended Complaint contains no additional facts with respect to the
11   notice provided. The Court, in fact, struggles to see any material differences between
12   the First and Second Amended Complaints. (Docket Nos. 23, 43). Unfortunately,
13   Plaintiff's Opposition to the present Motion does little to remedy these shortcomings;
14   Plaintiff merely restates the same facts alleged in the Second Amended Complaint.
15   (Opp'n to Mot. to Dismiss, Docket No. 49). Where notice to Defendant is a crucial
16   factor in triggering protections of the FCBA, the silence on this issue is fatal to
17   Plaintiff's claim. The continued silence on this fact leads the Court to believe that
18   such a fact cannot be plead.
19       With respect to the breach of contract, Plaintiff also failed to cure deficiencies
20   from the First Amended Complaint. (Order, Docket No. 42 at 3). A plaintiff asserting
21   a claim for breach of contract must plead "(1) the existence of the contract,
22   (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and
23   (4) resulting damages." *Lewis v. Youtube, LLC*, 244 Cal.App.4th 118, 124 (9th Cir.
24   2015). Although relatively more information was provided with respect to this cause
25   of action, none of it materially changes the shortcomings in the First Amended
26   Complaint; Plaintiff, again, failed to plead elements of a breach of contract claim or
27   respond to Defendant's arguments regarding this failure to plead in her Opposition.
28   *See Heraldez v. Bayview Loan Serv'g, LLC*, No. CV 16-1978-R, 2016 WL 10834101,

at *1 (C.D. Cal. Dec. 15, 2016) ("Failure to oppose constates a waiver or abandonment of the issue."). Plaintiff, for example, failed to allege her own performance or excuse of nonperformance. This flaw is fatal to her claim.

Further, and critically, "to survive a motion to dismiss, a plaintiff's allegations must indicate the contractual terms or provisions that were purportedly breached." *Christy v. MKS Instruments, Inc.*, 2017 WL 11714637, at *3 (C.D. Cal. Oct. 4, 2017) (quoting *In re Anthem, Inc. Data Breach Litig.,* 162 F.Supp.3d 953, 978 (N.D. Cal. 2016)). "'To state a cause of action for breach of contract, it is absolutely essential to plead the terms of the contract either *in haec verba* or according to legal effect.'" *Langan v. United Servs. Auto Ass'n*, 69 F.Supp.3d 965, 979 (N.D. Cal. 2014) (quoting *Twaite v. Allstate Ins. Co.*, 216 Cal.App.3d 239, 252 (1989)). "A plaintiff fails to sufficiently plead the terms of the contract if he does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint." *Id.* (citing *Twaite*, 216 Cal.App.3d at 252). The reason for such a requirement is so that the court may be able to "discern at least what material obligation of the contract the defendant allegedly breached." *Id.* Plaintiff's description of the contractual provisions is insufficient to allow the Court to assess the terms of the agreement and whether Defendant has breached them. The Court suspects the continued failure to provide the contractual terms may be due to the reality that they do not support Plaintiff's claim for breach of contract.

The Court, concludes, that in this case, granting leave to amend the Complaint again would be "futile," particularly where Plaintiff has been put on notice of what she is required to provide to sufficiently plead her case and has been given multiple opportunities to do so. *See Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, North Dakota and South Dakota,* 90 F.3d at 355.

Accordingly, the Court **GRANTS** the Motion to Dismiss the action in its entirety, with prejudice.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted with prejudice. The Motion to Strike is **DENIED** as moot. (Docket No. 54). All deadlines and hearings are hereby **VACATED**, and the Clerk is ordered to close this case.

**IT IS SO ORDERED.**

Dated: October 24, 2024

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE